

**MICHAEL A. CARDOZO**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**CAROLINE CHEN**
Assistant Corporation Counsel
Phone: (212) 788-1106
Fax: (212) 788-0367



May 23, 2007

**BY HAND**
Honorable Robert W. Sweet
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007-1312

Re: Chamblee v. The City of New York, et al.
07 CV 03551 (RWS)

Your Honor:

I am the Assistant Corporation Counsel assigned to the defense of the City of New York in the above-referenced matter. I write to respectfully request that defendant City of New York be granted a sixty-day enlargement of time from May 29, 2007, to July 29, 2007, to answer or otherwise respond to the complaint. This application is made with plaintiff's counsel's consent.

In the complaint, plaintiff alleges, *inter alia*, that, on or about June 16, 2006, the City violated his constitutional rights when New York City Police Department officers "acting within the scope of their authority" entered his home and thereafter falsely arrested and imprisoned him.

There are several reasons for seeking an enlargement of time. First, in accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need this additional time to investigate the allegations of the complaint. To that end, this office has already made a request to plaintiff's counsel for execution of a consent to the designation of the Corporation Counsel as plaintiff's agent for release of records sealed pursuant to New York Criminal Procedure Law §160.50. Pursuant to §160.50, all official records concerning the arrest of plaintiff have been sealed upon the termination of the criminal investigation. Defendant cannot obtain these records without the designations, and without the records, defendant cannot properly assess this case or respond to the complaint. This office has also forwarded to



plaintiff's counsel medical releases for execution so that we can access plaintiff's medical records.

Second, the enlargement will allow plaintiff to identify and serve process upon any individually named defendants if service has not yet been effected. Once plaintiff has effected timely service on the individual defendants and these individuals request representation from this office, the extension should allow time for this office to determine, pursuant to Section 50-k of the New York General Municipal Law, and based on a review of the facts of the case, whether we may represent any individually named defendants. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)).

No previous request for an extension has been made. Accordingly, we respectfully request that defendant City of New York's time to answer or otherwise respond to the complaint be extended to July 29, 2007.

Thank you for your consideration of this request.

Respectfully submitted,

Caroline Chen (CC5289)
Assistant Corporation Counsel

cc:   Robin C. Smith, Esq. (by first class mail)
      *Attorney for Plaintiff*
      44 Court Street, Suite 917
      Brooklyn, New York 11201