UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

ERNEST CHAMBLEE,

                              Plaintiff,

              -against-

CITY OF NEW YORK AND POLICE OFFICERS JOHN
DOE 1 THROUGH 10,

                             Defendant.

------------------------------------------------------------------------x

**ANSWER ON BEHALF OF THE CITY OF NEW YORK**

07 CV 3551 (RWS)

JURY TRIAL DEMANDED

        Defendant City of New York, by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the complaint, respectfully alleges upon information and belief, as follows:

1. Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

2. Denies the allegations set forth in paragraph "2" of the complaint.

3. Denies the allegations set forth in paragraph "3" of the complaint, except admits that plaintiff purports to invoke the Court's jurisdiction as stated therein.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the complaint.

6. Denies the allegations set forth in paragraph "6" of the complaint, except admits that the City of New York is a municipal corporation existing pursuant to the laws of the State of New York.

7. Denies the allegations set forth in paragraph "7" of the complaint, except admits that the City of New York maintains a police department.

8. Denies the allegations set forth in paragraph "8" of the complaint.

9. Denies the allegations set forth in paragraph "9" of the complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint, except admits that plaintiff was taken to the 106th Precinct on or about June 16, 2006.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Denies the allegations set forth in paragraph "15" of the complaint.

16. In response to the allegations set forth in paragraph "16" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "15," inclusive of this answer, as if fully set forth herein.

17. Denies the allegations set forth in paragraph "17" of the complaint.

18. Denies the allegations set forth in paragraph "18" of the complaint.

19. Denies the allegations set forth in paragraph "19" of the complaint.

20. Denies the allegations set forth in paragraph "20" of the complaint.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. Denies the allegations set forth in paragraph "22" of the complaint.

23. Denies the allegations set forth in paragraph "23" of the complaint.

24. Denies the allegations set forth in paragraph "24" of the complaint.

25. Denies the allegations set forth in paragraph "25" of the complaint.

26. Denies the allegations set forth in paragraph "26" of the complaint.

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. Denies the allegations set forth in paragraph "28" of the complaint.

29. In response to the allegations set forth in paragraph "29" of the complaint, defendant repeats and realleges the responses set forth in paragraphs "1" through "28," inclusive of this answer, as if fully set forth herein.

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. Denies the allegations set forth in paragraph "31" of the complaint.

32. Denies the allegations set forth in paragraph "32" of the complaint.

33. Denies the allegations set forth in paragraph "33" of the complaint.

34. Denies the allegations set forth in paragraph "34" of the complaint.

35. Denies the allegations set forth in paragraph "35" of the complaint.

36. Denies the allegations set forth in paragraph "36" of the complaint.

37. Denies the allegations set forth in paragraph "37" of the complaint.

38. Denies the allegations set forth in paragraph "38" of the complaint.

39. Denies the allegations set forth in paragraph "39" of the complaint.

40. Denies the allegations set forth in paragraph "40" of the complaint.

41. Denies the allegations set forth in paragraph "41" of the complaint.

42. Denies the allegations set forth in paragraph "42" of the complaint.

43. Denies the allegations set forth in paragraph "43" of the complaint.

44. Denies the allegations set forth in paragraph "44" of the complaint.

45. Denies the allegations set forth in paragraph "45" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

46. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

47. Defendant City of New York has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

48. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

49. There was probable cause and/or reasonable suspicion for plaintiff's search, arrest and/or detention.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

50. There was probable cause for plaintiff's prosecution.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

51. Plaintiff has failed to comply with the conditions precedent to suit.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

52. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

53. Plaintiff may have failed to comply with GML §50(i) and GML §50(e).

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

54. Plaintiff cannot obtain punitive damages against the City of New York.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

55. At all times relevant to the acts alleged in the complaint, defendant City of New York acted reasonably, properly, lawfully and in good faith in the exercise of its discretion. Consequently, defendant City of New York is entitled to governmental immunity.

**WHEREFORE**, defendant City of New York requests judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       July 30, 2007

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                City of New York
                              *Attorney for Defendant City of New York*
                              100 Church Street, Room 3-199
                              New York, New York 10007
                              (212) 788-1106

                          By: _____
                              CAROLINE CHEN (CC 5289)
                              Assistant Corporation Counsel

To:    Robin C. Smith, Esq. (by ECF and mail)
       *Attorney for Plaintiff*
       44 Court Street, Suite 917
       Brooklyn, New York 11201

## DECLARATION OF SERVICE BY MAIL

I, CAROLINE CHEN, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on July 30, 2007, I caused to be served the **ANSWER ON BEHALF OF THE CITY OF NEW YORK**, upon the following counsel of record by depositing a copy of same, enclosed in a first class postpaid properly addressed wrapper, in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to said attorney at the address set forth below, being the address designated by said attorney for that purpose:

Robin C. Smith, Esq.
*Attorney for Plaintiff*
44 Court Street, Suite 917
Brooklyn, New York 11201

Dated:   New York, New York
         July 30, 2007

_____
CAROLINE CHEN

1

Index No. 07 CV 3551 (RWS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERNEST CHAMBLEE,

                                          Plaintiff,

-against-

CITY OF NEW YORK AND POLICE OFFICERS JOHN DOE 1 THROUGH 10,

                                          Defendants.

**ANSWER ON BEHALF OF
THE CITY OF NEW YORK**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 3-199*
*New York, New York 10007*

*Of Counsel: Caroline Chen*
*Tel: (212) 788-1106*
*NYCLIS No. 2007-015757*

Due and timely service is hereby admitted. New York, New York _____, 200...

.................................................... *Esq.*

*Attorney for* ...........................................................