UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
ERNEST CHAMBLEE,

                PLAINTIFF,                           **PLAINTIFF'S FIRST AMENDED COMPLAINT**

    -AGAINST-

THE CITY OF NEW YORK, POLICE OFFICERS    07-CV-3551(RWS)
JOHN DOE 1 THROUGH 7 AND POLICE
OFFICERS WARREN GALLOP, NAYLINDEN JONES,
AND MICHAEL GRANSHAW,

                DEFENDANTS.
------------------------------------------------------------------------x

        Plaintiff, Ernest Chamblee, by his attorney, Robin C. Smith Esq. to this verified complaint alleges as follows:

### PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff seeks damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth, Sixth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. § 1983.

2. On June 16, 2006, Police Officers John Doe 1 through 7 and Police Officers Warren Gallop, Naylinden Jones and Michael Granshaw unlawfully broke into Plaintiff's home, causing damage to his home and property, arrested Plaintiff without probable cause and held Plaintiff for an excessive period of time.

### JURISDICTION

3. Jurisdiction is conferred upon this court by 28 U.S.C. § 1343 (3) and (4), which provides for original jurisdiction in this Court of all suits brought pursuant to 42 U.S.C. § 1983, which provides jurisdiction over all cases brought pursuant to the Constitution of the United States.

## PARTIES

4. During all times relevant to this action, Plaintiff was and is a resident of the County of Queens, City and State of New York, residing at 121-34 133rd Street, South Ozone Park, New York 11420.

5. During all times relevant to this action, Police Officers John Doe 1 through 7 and Police Officers Warren Gallop, Naylinden Jones and Michael Granshaw were duly appointed and acting officers of the Police Department of the City of New York, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

6. During all times relevant to this action, Defendant City of New York (hereinafter "City"), is a municipal corporation incorporated pursuant to the laws of the City and State of New York and the public employer of Police Officers John Doe 1 through 7 and Police Officers Warren Gallop, Naylinden Jones and Michael Granshaw.

7. At all times relevant to this action, Defendant City operates the New York City Police Department.

## FACTS

8. On June 16, 2006, at approximately 8:00 p.m. at Plaintiff's home at 121-34 133rd Street, South Ozone Park, New York, Plaintiff was acting peacefully in the quiet enjoyment of his home when Police Officers John Doe 1 through 7 and Police Officers Warren Gallop, Naylinden Jones and Michael Granshaw forcibly entered Plaintiff's home, which was in a locked and secure position, damaged his home and his property and while acting within the scope of their authority, intentionally, wrongfully, unlawfully

and maliciously arrested Plaintiff, removing him from his home in handcuffs in the presence of the members of Plaintiff's community.

9. Without probable cause and without any legal right, Police Officers John Doe 1 through 7 and Police Officers Warren Gallop, Naylinden Jones and Michael Granshaw, while acting within the scope of their authority, intentionally, wrongfully, unlawfully and maliciously held Plaintiff against his will while he was aware of the confinement for approximately 26 hours.

10. At the 106th Precinct, Plaintiff's fingerprints and photographs of Plaintiff were taken.

11. Upon information and belief, Plaintiff was charged with possessing a half of a marijuana cigarette, which was recovered from his tenant's apartment.

12. Plaintiff's tenant's apartment is a separate living space from Plaintiff's apartment.

13. Plaintiff was released from Queens Central Booking on June 17, 2006, at 10 p.m.

14. On October 17, 2006, Plaintiff received an adjournment in contemplation of dismissal, which was dismissed on November 9, 2006.

15. As a result of the violation of his Constitutional Rights, Plaintiff suffers from physical, economic and emotional injuries.

### FIRST CAUSE OF ACTION FOR FALSE ARREST AND UNLAWFUL IMPRISONMENT PURSUANT TO 42 U.S.C. § 1983 AGAINST DEFENDANT CITY, POLICE OFFICERS JOHN DOE 1 THROUGH 7 AND POLICE OFFICERS WARREN GALLOP, NAYLINDEN JONES AND MICHAEL GRANSHAW

16. Plaintiff repeats, realleges and incorporates in full paragraphs the contents of Paragraphs 1 through 15.

17. Police Officers John Doe 1 through 7 and Police Officers Warren Gallop, Naylinden Jones and Michael Granshaw had no probable cause, nor reasonable belief that probable cause existed to arrest Plaintiff and seize Plaintiff's person.

18. Plaintiff was at all times acting peacefully and had committed no crime.

19. Police Officers John Doe 1 through 7 and Police Officers Warren Gallop, Naylinden Jones and Michael Granshaw intentionally confined plaintiff for a period of approximately 26 hours without Plaintiff's consent, while Plaintiff was conscious of the confinement, without the privilege, right or just cause.

20. Police Officers John Doe 1 through 7 and Police Officers Warren Gallop, Naylinden Jones and Michael Granshaw, in arresting and detaining Plaintiff without probable cause, nor reasonable belief that probable cause existed, abused their power and authority as employees of the New York City Police Department and under the color of state and/or local law.

21. Upon information and belief, it was the deliberate choice, policy and custom of Defendant City to fail to adequately supervise and train its police officers, including Police Officers John Doe 1 through 7 and Police Officers Warren Gallop, Naylinden Jones and Michael Granshaw in a manner to discourage unlawful arrests, causing Police Officers Warren Gallop, Naylinden Jones and Michael Granshaw to arrest Plaintiff with neither probable cause nor reasonable belief that probable cause existed.

22. Upon information and belief, it was the deliberate choice, policy and custom of Defendant City to fail to adequately supervise and train its police officers, including Police Officers John Doe 1 through 7 and Police Officers Warren Gallop, Naylinden Jones and Michael Granshaw in a manner to discourage false arrest and unlawful

imprisonment, causing Police Officers Warren Gallop, Naylinden Jones and Michael Granshaw to unlawfully detain Plaintiff for approximately 26 hours.

23. As a result of the above-described deliberate choices, policies and customs, police officers employed by Defendant City, including Police Officers John Doe 1 through 7 and Police Officers Warren Gallop, Naylinden Jones and Michael Granshaw, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

24. The above-described deliberate choices, policies and customs demonstrated a deliberate indifference on the part of the policy makers of the Defendant City to the constitutional rights of persons residing within the City of New York, and were the cause of violations of Plaintiff's rights alleged herein.

25. By reason of their acts and omissions, Defendant Police Officers John Doe 1 through 7 and Warren Gallop, Naylinden Jones and Michael Granshaw, acting under color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to an unreasonable seizure in violation of the Fourth and Fourteenth Amendments of United States Constitution.

26. As a result of the Defendants' conduct, Plaintiff suffered deprivation of liberty and privacy, has been adversely affected in employment and in ordinary life's pursuits and, in addition, was emotionally traumatized and was caused, permitted and allowed to fear for his physical safety, suffer humiliation, embarrassment, anxiety and ridicule and suffer all the disabling mental and emotional symptoms of such injuries, all of which may be permanent and have caused diminution in the quality of Plaintiff's life.

27. In addition, the acts of the Defendant Police Officers John Doe 1 through 7 and Police Officers Warren Gallop, Naylinden Jones and Michael Granshaw were so egregious and reprehensible and were performed in a manner which so the violates law and which were so outrageous that it constitutes conduct that no civilized society should be required to tolerate and, in addition to all the damages inflicted to the Plaintiff and, in addition to all of the measures of relief to which Plaintiff may properly be entitled herein, Defendant Police Officers John Doe 1 through 7 and Police Officers Warren Gallop, Naylinden Jones and Michael Granshaw and City should also be required to pay punitive damages to punish them for their reprehensible conduct and to deter them from such conduct in the future, and as an example to others similarly situated.

28. Plaintiff, therefore, pursuant to 42 U.S.C. § 1983, seeks compensatory damages in this cause of action for pain and suffering for the emotional harm inflicted to Plaintiff in the sum of Five Hundred Thousand ($500,000.00) Dollars and the additional and further sum of Five Hundred Thousand ($500,000.00) Dollars for punitive damages making a total of One Million ($1,000,000.00) Dollars, as well as attorney's fees and all other damages available under the statute upon which this cause of action is predicated.

**SECOND CAUSE OF ACTION FOR FALSE ARREST IN VIOLATION OF NEW YORK STATE LAW AND THE NEW YORK STATE CONSTITUTION AGAINST DEFENDANT CITY AND POLICE OFFICERS JOHN DOE 1 THROUGH 7 AND POLICE OFFICERS WARREN GALLOP, NAYLINDEN JONES AND MICHAEL GRANSHAW**

29. Plaintiff repeats, realleges and incorporates in full paragraphs the contents of Paragraphs 1 through 28.

30. Police Officers John Doe 1 through 7 and Police Officers Warren Gallop, Naylinden Jones and Michael Granshaw had no probable cause, nor reasonable belief that probable cause existed to arrest Plaintiff and seize Plaintiff's person.

31. Plaintiff was at all times acting peacefully and had committed no crime.

32. Police Officers John Doe 1 through 7 and Police Officers Warren Gallop, Naylinden Jones and Michael Granshaw intentionally confined plaintiff for a period of approximately 26 hours without Plaintiff's consent, while Plaintiff was conscious of the confinement, without the privilege, right or just cause.

33. Police Officers John Doe 1 through 7 and Police Officers Warren Gallop, Naylinden Jones and Michael Granshaw in arresting and detaining Plaintiff without probable cause, nor reasonable belief that probable cause existed, abused their power and authority as employees of the New York City Police Department and under the color of state and/or local law.

34. Upon information and belief, it was the deliberate choice, policy and custom of Defendant City to fail to adequately supervise and train its police officers, including Police Officers John Doe 1 through 7 and Police Officers Warren Gallop, Naylinden Jones and Michael Granshaw in a manner to discourage unlawful arrests, causing Police Officers John Doe 1 through 7 and Police Officers Warren Gallop, Naylinden Jones and Michael Granshaw to arrest Plaintiff with neither probable cause nor reasonable belief that probable cause existed.

35. Upon information and belief, it was the deliberate choice, policy and custom of Defendant City to fail to adequately supervise and train its police officers, including Police Officers John Doe 1 through 7 and Police Officers Warren Gallop, Naylinden

Jones and Michael Granshaw in a manner to discourage false arrest and unlawful imprisonment, causing Police Officers Warren Gallop, Naylinden Jones and Michael Granshaw to unlawfully detain Plaintiff for approximately 26 hours.

36. As a result of the above-described deliberate choices, policies and customs, police officers employed by Defendant City, including Police Officers John Doe 1 through 7 and Police Officers Warren Gallop, Naylinden Jones and Michael Granshaw, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

37. The above-described deliberate choices, policies and customs demonstrated a deliberate indifference on the part of the policy makers of the Defendant City to the constitutional rights of persons residing within the City of New York, and were the cause of violations of Plaintiff's rights alleged herein.

38. By reason of their acts and omissions, Defendants, acting under color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights subjected Plaintiff to an unreasonable seizure in violation of Article I § 12 of the New York State Constitution.

39. The conduct of Defendants in this cause of action, heretofore, alleged in this Complaint, was so egregious as to be regarded as atrocious and intolerable in a civilized society.

40. As a result of Defendants conduct, Plaintiff suffered emotional injury causing plaintiff to experience pain and suffering, future pain and suffering, disabling physical symptoms and economic injuries. All of said injuries may be permanent and all have caused diminution in the quality of Plaintiff's life.

41. As a result of Defendants conduct, Plaintiff has been forced to incur past, present and future medical expenses.

42. As a result of Defendants conduct, Plaintiff has been adversely affected in his employment and in his ordinary life's pursuits.

43. As a result of Defendants conduct, Plaintiff was deprived of his privacy and liberty, and, in addition, was emotionally traumatized and was caused, permitted and allowed to fear for his physical safety, suffer humiliation, embarrassment, anxiety and ridicule and suffer all the disabling mental and emotional symptoms of such injuries, all of which may be permanent and have caused diminution in the quality of Plaintiff's life.

44. In addition, the acts of the Defendants were so egregious and reprehensible and were performed in a manner which so the violates law and which were so outrageous that it constitutes conduct that no civilized society should be required to tolerate and, in addition to all the damages inflicted to the Plaintiff and, in addition to all of the measures of relief to which Plaintiff may properly be entitled herein, Defendants should also be required to pay punitive damages to punish them for its reprehensible conduct and to deter them from such conduct in the future, and as an example to others similarly situated.

45. Plaintiff, therefore, seeks compensatory damages in this cause of action for past and future medical expenses, pain and suffering for the physical and emotional harm inflicted to Plaintiff in the sum of Five Hundred Thousand ($500,000.00) Dollars and the additional and further sum of Five Hundred Thousand ($500,000.00) Dollars for punitive damages making a total of One Million ($1,000,000.00) Dollars, as well as attorney's

fees and all other damages available under the statute upon which this cause of action is predicated.

WHEREFORE, judgment is demanded:

On Plaintiff's First Cause Of Action against Defendants City and Police Officers John Doe 1 through 7 and Police Officers Warren Gallop, Naylinden Jones and Michael Granshaw for damages in the amount of Five Hundred Thousand ($500,000.00) Dollars and the additional and further sum of Five Hundred Thousand ($500,000.00) for punitive damages making a total of One Million ($1,000,000.00) Dollars;

On Plaintiff's Second Cause Of Action against Defendants City and Police Officers John Doe 1 through 7 and Police Officers Warren Gallop, Naylinden Jones and Michael Granshaw for damages in the amount of Five Hundred Thousand ($500,000.00) Dollars and the additional and further sum of Five Hundred Thousand ($500,000.00) for punitive damages making a total of One Million ($1,000,000.00) Dollars;

Together with reasonable counsel fees, the costs and disbursements of this action and such other, further and different relief as this Court may deem just and proper.

Dated: Brooklyn, New York
October 25, 2007                                            /s/
                                                            _____
                                                            Robin C. Smith
                                                            Attorney for Plaintiff
                                                            44 Court Street, Suite 917
                                                            Brooklyn, New York 11201
                                                            (718) 403-9599