UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

ERNEST CHAMBLEE,

                              Plaintiff,

               -against-

CITY OF NEW YORK, POLICE OFFICERS JOHN DOE
1 THROUGH 7 AND POLICE OFFICERS WARREN
GALLOP, NAYLINDEN JONES, AND MICHAEL
GRANSHAW, AND POLICE OFFICERS JOHN DOE 1
THROUGH 10,

                          Defendants.

------------------------------------------------------------------------x

**ANSWER TO
PLAINTIFF'S FIRST
AMENDED
COMPLAINT BY
DEFENDANTS
WARREN GALLOP,
NAYLINDEN JONES
AND MICHAEL
GRANSHAW**

07 CV 3551 (RWS)

JURY TRIAL
DEMANDED

        Defendants Warren Gallop, Naylinden Jones and Michael Granshaw, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege upon information and belief, as follows:[1]

    1.      Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

    2.      Deny the allegations set forth in paragraph "2" of the complaint.

    3.      Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the Court's jurisdiction as stated therein.

    4.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint.

    5.      Deny the allegations set forth in paragraph "5" of the complaint, except admit that Warren Gallop, Naylinden Jones and Michael Granshaw were members of the

---

[1] Defendant City of New York filed its Answer to Plaintiff's First Amended Complaint on or about November 29, 2007.

New York City Police Department on or about June 16, 2006, and state that the
allegation that the defendant officers were "acting under color of law, to wit,
under color of the statutes, ordinances, regulations, policies, customs and usages
of the State of New York and/or the City of New York" is not a factual allegation
but a legal conclusion to which no response is required.

6.      Deny knowledge or information sufficient to form a belief as to the truth of the
allegations set forth in paragraph "6" of the complaint, except admit that the City
of New York is a municipal corporation existing pursuant to the laws of the State
of New York and that Warren Gallop, Naylinden Jones and Michael Granshaw
were members of the New York City Police Department on or about June 16,
2006.

7.      Deny the allegations set forth in paragraph "7" of the complaint, except admit that
the City of New York maintains a police department.

8.      Deny the allegations set forth in paragraph "8" of the complaint, except admit that
plaintiff was arrested by members of the New York City Police Department on or
about June 16, 2006.

9.      Deny the allegations set forth in paragraph "9" of the complaint.

10.     Deny the allegations set forth in paragraph "10" of the complaint, except admit
that pursuant to his arrest on or about June 16, 2006, plaintiff was processed at the
106th.

11.     Deny the allegations set forth in paragraph "11" of the complaint.

12.     Deny knowledge or information sufficient to form a belief as to the truth of the
allegations set forth in paragraph "12" of the complaint.

13.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15.    Deny the allegations set forth in paragraph "15" of the complaint.

16.    In response to the allegations set forth in paragraph "16" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "15," inclusive of this answer, as if fully set forth herein.

17.    Deny the allegations set forth in paragraph "17" of the complaint.

18.    Deny the allegations set forth in paragraph "18" of the complaint.

19.    Deny the allegations set forth in paragraph "19" of the complaint.

20.    Deny the allegations set forth in paragraph "20" of the complaint.

21.    Deny the allegations set forth in paragraph "21" of the complaint.

22.    Deny the allegations set forth in paragraph "22" of the complaint.

23.    Deny the allegations set forth in paragraph "23" of the complaint.

24.    Deny the allegations set forth in paragraph "24" of the complaint.

25.    Deny the allegations set forth in paragraph "25" of the complaint.

26.    Deny the allegations set forth in paragraph "26" of the complaint.

27.    Deny the allegations set forth in paragraph "27" of the complaint.

28.    Deny the allegations set forth in paragraph "28" of the complaint.

29.    In response to the allegations set forth in paragraph "29" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "28," inclusive of this answer, as if fully set forth herein.

30.    Deny the allegations set forth in paragraph "30" of the complaint.

31.     Deny the allegations set forth in paragraph "31" of the complaint.

32.     Deny the allegations set forth in paragraph "32" of the complaint.

33.     Deny the allegations set forth in paragraph "33" of the complaint.

34.     Deny the allegations set forth in paragraph "34" of the complaint.

35.     Deny the allegations set forth in paragraph "35" of the complaint.

36.     Deny the allegations set forth in paragraph "36" of the complaint.

37.     Deny the allegations set forth in paragraph "37" of the complaint.

38.     Deny the allegations set forth in paragraph "38" of the complaint.

39.     Deny the allegations set forth in paragraph "39" of the complaint.

40.     Deny the allegations set forth in paragraph "40" of the complaint.

41.     Deny the allegations set forth in paragraph "41" of the complaint.

42.     Deny the allegations set forth in paragraph "42" of the complaint.

43.     Deny the allegations set forth in paragraph "43" of the complaint.

44.     Deny the allegations set forth in paragraph "44" of the complaint.

45.     Deny the allegations set forth in paragraph "45" of the complaint, except admit that plaintiff purports to seek the relief as stated therein.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

46.     The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

47.     Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

48.    Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and was not the proximate result of any act of the defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

49.    There was probable cause and/or reasonable suspicion for plaintiff's search, arrest and/or detention.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

50.    There was probable cause for plaintiff's prosecution.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

51.    Plaintiff has failed to comply with the conditions precedent to suit.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

52.    Plaintiff's claims may be barred, in whole or in part, by the applicable statute of limitations.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

53.    Plaintiff may have failed to comply with GML §50(i) and GML §50(e).

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

54.    Plaintiff cannot obtain punitive damages against the City of New York.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

55.    The individual defendants have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

**WHEREFORE**, defendants Warren Gallop, Naylinden Jones and Michael Granshaw request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:  New York, New York
        December 13, 2007

                              MICHAEL A. CARDOZO
                              Corporation Counsel of the
                                City of New York
                              *Attorney for Defendants*
                              100 Church Street, Room 3-199
                              New York, New York 10007
                              (212) 788-1106

                    By:
                              CAROLINE CHEN
                              Assistant Corporation Counsel

To:     Robin C. Smith, Esq. (by ECF and by regular mail)
          *Attorney for Plaintiff*
          44 Court Street, Suite 917
          Brooklyn, New York 11201

Index No.  07 CV 3551 (RWS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERNEST CHAMBLEE,

Plaintiff,

-against-

CITY OF NEW YORK, POLICE OFFICERS JOHN
DOE 1 THROUGH 7 AND POLICE OFFICERS
WARREN GALLOP, NAYLINDEN JONES, AND
MICHAEL GRANSHAW, AND POLICE OFFICERS
JOHN DOE 1 THROUGH 10,

Defendants.

ANSWER TO PLAINTIFF'S FIRST AMENDED
COMPLAINT BY DEFENDANTS WARREN GALLOP,
NAYLINDEN JONES AND MICHAEL GRANSHAW

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant*
*100 Church Street, Room 3-199*
*New York, New York 10007*

*Of Counsel:  Caroline Chen*
*Tel:  (212) 788-1106*
*NYCLIS No. 2007-015757*

*Due and timely service is hereby admitted. New York, New
York          , 200 7. . .*

*................................................................. Esq.*

*Attorney for .........................................................*

## DECLARATION OF SERVICE BY MAIL

      I, CAROLINE CHEN, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that on December 13, 2007, I caused to be served the **ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT BY DEFENDANTS WARREN GALLOP, NAYLINDEN JONES AND MICHAEL GRANSHAW**, upon the following counsel of record by depositing a copy of same, enclosed in a first class postpaid properly addressed wrapper, in a post office/official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, directed to said attorney at the address set forth below, being the address designated by said attorney for that purpose:

      Robin C. Smith, Esq.
      *Attorney for Plaintiff*
      44 Court Street, Suite 917
      Brooklyn, New York 11201

Dated:      New York, New York
         December 13, 2007

                           CAROLINE CHEN